IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

ALMALIK BRYANT,
      Plaintiff,

v.                                                Civil No. 3:25cv591 (DJN)

MS. LEWIS, *et al.*,
      Defendants.

**MEMORANDUM OPINION**

Almalik Bryant, an inmate at Northern Neck Regional Jail ("NNRJ") who is proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] Bryant contends that Defendants Ms. Lewis, Mr. Luna, and Ms. Middlebrook ("Defendants") — each of whom is an employee at NNRJ — impermissibly denied him a diet consistent with his religious beliefs. (ECF No. 1.) The matter is before the Court on Defendants' Motion to Dismiss. (ECF No. 16). The Court provided Bryant with notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), (ECF No. 18), after which Bryant filed a Response (ECF No. 19) and Defendants filed a Reply (ECF No. 20). Bryant then filed what the Court deems to be an unauthorized Sur-reply (ECF No. 21), the Court's consideration of which Defendants oppose (ECF No. 22). For the reasons stated below, the Motion to Dismiss (ECF No. 16) will be GRANTED, but since it

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

appears that amendment of the Complaint would not be futile, Bryant will be permitted to amend his Complaint.

## I.    STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads

2

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Further, when a plaintiff proceeds *pro se*, courts construe a complaint liberally to ensure that potentially meritorious claims survive. *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980). "[T]his liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). "Principles requiring generous construction of *pro se* complaints are not, however, without limits," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), and courts cannot "conjure up every claim imaginable from the plaintiff's allegations." *Jackson v. Dameron*, 171 F.4th 641, 645 (4th Cir. 2026).

Moreover, as indicated above, in considering a motion to dismiss, courts consider the factual allegations offered in a complaint, and a plaintiff may not amend his complaint through briefing in opposition to a motion to dismiss. *See Barclay White Skanksa, Inc. v. Battelle Mem'l Inst.*, 262 F. App'x 556, 563 (4th Cir. 2008) (explaining that a plaintiff may not amend their complaint through briefs in opposition to a dispositive motion); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 847 F. Supp. 2d 843, 851 n.9 (E.D. Va. 2012); *Equity in Athletics, Inc. v. Dep't of Educ.*, 504 F. Supp. 2d 88, 111 (W.D. Va. 2007) (citations omitted) (explaining that "new legal theories must be added by way of amended pleadings, not by arguments asserted in

3

legal briefs"). Although plaintiffs may amend or supplement their complaints and thereby offer new allegations to ward off dismissal, they must, under most circumstances, obtain the court or opposing party's consent to do so. *See* Fed. R. Civ. P. 15(a)(2).

Here, on March 27, 2026, a full month after Defendants filed their Reply to Bryant's Opposition and the Motion to Dismiss was fully briefed, Bryant filed a document entitled "Update," in which he offered allegations regarding "further developments" that had occurred since his filing of this action. (ECF No. 21 at 1.) Whether the Court construes this document as an unauthorized sur-reply or a supplemental complaint, this document is improperly filed and may not be considered. Indeed, to the extent the document amounts to a sur-reply, such submissions are not acceptable under the Court's Local Rules. *See* Loc. Civ. R. 7(F)(1) (providing for the filing of an opposition and reply in motion practice and stating that "[n]o further briefs or written communications may be filed without first obtaining leave of Court"). And to the extent Bryant's "Update" amounts to a supplemental complaint, Bryant did not seek leave to file that document, and the Court will therefore not consider its allegations here. *See Vigil v. Morefield*, No. 3:22cv740, 2024 WL 3012493, at *2 n.4 (E.D. Va. June 14, 2024) (declining to consider new claims raised in "a miscellaneous unsworn letter," observing that the plaintiff was not entitled to "tack new claims and allegations on to his complaint" where he "did not seek leave to amend as he must").

## II.    SUMMARY OF ALLEGATIONS

In his Complaint, Bryant alleges as follows:[2]

> From 01/18/25 until the present date, I've been vehemently denied my right to a religious (kosher) diet. I've written multiple request[s] and complaints to all three defendants in regards to my civil rights to observe my beliefs through

---

[2]    The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation and spelling in the quotations from the parties' submissions.

kosher/Jewish dietary laws. I was constantly denied without justifiable reason or cause.

This denial happened and continue[s] to happen at Northern Neck Regional Jail, P.O. Box 1060 Warsaw, Virginia 22572. The time and date began on 01/13/25 until this present day.

Facts: Upon my arrival at Northern Neck Regional Jail on January 13, 2025 I spoke with a member of classification who[] was processing me into the jail about my kosher religious diet. I was told by this staff member to write a request form to medical about my religious diet. I wrote medical and also went down to medical and was directed by a member of the medical staff to write a request form to the kitchen supervisor Ms. Middlebrook. I wrote a request to Ms. Middlebrook on 01/18/25 concerning my religious diet. Ms. Middlebrook ultimately denied me without giving proof of why I was denied. This led to me writing several grievances from January 2025 until July 2025 which was responded by Major Luna and Superintendent Lewis, who both sided with Ms. Middlebrook of denying me my religious diet.

In addition, my correct diet upon reaching Northern Neck Regional Jail is a[n] [un]processed meat diet that was violated constantly by the kitchen staff and administration of Northern Neck Regional Jail. I was still offered process[ed] meats such as chicken patties, Salisbury steak, and hot dogs (franks) and refused my assigned diet of [un]process[ed] meat through the dates of January 13th 2025 until the present. Request forms and grievances were also made out to all three defendants and ultimately refused and denied.

Injuries: I've suffered and continue to suffer from hunger from time to time, I suffer pain and suffering of stress, depression, anxiety, confusion, and overall mental deterioration due to this.

(ECF No. 1 at 2–3.)

Bryant raises the following claims:

Claim One    Defendants' decision to deny him a diet consistent with his religious beliefs violated his rights under the First Amendment[3] to the United States Constitution. (*Id.* at 4.)

Claim Two    Defendants' decision to deny him a diet consistent with his religious beliefs violated his rights under the Sixth Amendment[4] to the United States Constitution. (*Id.*)

---

[3]    "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I.

[4]    "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature

5

Bryant seeks injunctive relief in the form of provision of his "rightful religious diet" and monetary relief in the amount of $333,000.00. (*Id.*)

### III.    ANALYSIS

#### A.    Claim One — First Amendment

The Court begins its assessment by attempting to clarify the scope of Bryant's claim under the First Amendment. Within the Complaint, Bryant discusses his desire for both a diet consistent with his religious beliefs (a kosher diet) and one free from processed meats. (ECF No. 1 at 2–3.) Defendants address these as separate issues, characterizing the former as a bona fide First Amendment issue and the second as a "personal or philosophical choice[]." (ECF No. 17 at 6.) This assessment makes sense, given the fact that Bryant discusses these issues independently and distinguishes the two in the section of the Complaint setting out his claims. (*See id.* at 4 (setting out his denial of a religious diet as a First Amendment issue and his denial of a diet free from processed meats as a Sixth Amendment issue).) With that said, the Complaint is not a model of clarity, and Bryant's allegation that his "correct diet" does not include processed meats could be read to exist within his religious diet claim. (ECF No. 1 at 3.) Because Defendants' interpretation is logically sound, the Court addresses the Motion to Dismiss through the lens of that interpretation and, as explained below, will grant the Motion to Dismiss. But because of the lack of clarity and the possibility that amendment of the Complaint would not be futile, the Court will dismiss the Complaint without prejudice and permit Bryant to amend. *See King v. Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016) (explaining that, where a *pro se* plaintiff has failed

---

and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

6

to state a claim to relief that is plausible on its face, district courts should dismiss without prejudice, give leave to amend, or explain why amendment would be futile).

To state a free exercise claim under the First Amendment, a plaintiff must allege facts that suggest that "(1) he holds a sincere belief that is religious in nature;" and, (2) that defendants imposed a substantial burden on the practice of his religion. *Whitehouse v. Johnson*, No. 1:10CV1175, 2011 WL 5843622, at *4 (E.D. Va. Nov. 18, 2011) (citing *Hernandez v. Comm'r Internal Revenue*, 490 U.S. 680, 699 (1989)). "Government officials impose a substantial burden on the free exercise of religion by 'put[ting] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Massenburg v. Adams*, No. 3:08cv106, 2011 WL 1740150, at *4 (E.D. Va. May 5, 2011) (alteration in original) (quoting *Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006)) (some internal quotation marks omitted).

As to the first element of this test, Defendants assert that Bryant has not "identif[ied] any religious principle or belief he holds that requires strict adherence to a kosher diet." (ECF No. 17 at 5.) The Court cannot agree with Defendants, as Bryant unmistakably alleges that he requested a kosher diet in an effort "to observe [his] beliefs through kosher/Jewish dietary laws." (ECF No. 1 at 2.) This allegation suffices at this stage of the proceedings. *Cf. Garrett v. Gullett*, No. 7:24-cv-407, 2025 WL 2627433, at *2–3 (W.D. Va. Sept. 11, 2025) (finding allegations that plaintiff "adequately allege[d] that he h[eld] sincere religious beliefs as a practicing Satanist, satisfying the first prong" of a free exercise claim by asserting that he was "a member of the Temple of Satan").

As to the second element, Defendants argue that Bryant has not alleged "that he was unable to follow his religion without a kosher diet or that he was forced to deviate from his usual religious practices without a kosher diet." (ECF No. 17 at 5.) Instead, they assert, Bryant

7

"implicitly alleges that he has received nutritionally adequate food throughout his months-long incarceration and that he has consumed the food served to him regularly, as he alleges that he has only experienced hunger 'from time to time.'" (*Id.*)

Although it is a close question, the Court agrees with Defendants. First, Bryant fails to offer any specific allegations explaining the manner in which the diet he is offered is inconsistent with the kosher diet he has requested. The Court infers that there must be some overlap between the two diets, given Bryant's allegation that is he is left hungry only "from time to time" as a result of the dietary options available to him at NNRJ. (ECF No. 1 at 3.) To the extent that Bryant is primarily offered acceptable food and must forego eating only some of it to abide by his religious beliefs, this does not amount to a substantial burden. *See Shabazz v. Johnson*, No. 3:12cv282, 2015 WL 4068590, at *10 (E.D. Va. July 2, 2015) (explaining that no substantial burden exists when an inmate can discard food "at odds with" his religious diet (citing *Muhammad v. Mathena*, No. 7:14cv134, 2015 WL 300363, at *3 (W.D. Va. Jan. 22, 2015))).

Nor does Bryant's intermittent hunger itself amount to a substantial burden. Indeed, even to the extent that this allegation describes something more than a *de minimis* inconvenience, it does not satisfy the Court that Bryant has been forced to "modify his behavior" or "violate his beliefs." *Massenburg*, 2011 WL 1740150, at *4. Rather, as discussed above, Bryant alleges that he has consistently been offered processed meats that he has rejected for reasons apparently not associated with his religious beliefs. Put another way, Bryant has apparently been offered several food items that are permissible under his religion in quantities sufficient to sustain him but has chosen, for non-religious reasons, to decline much of that food. Under these circumstances, the Court finds that the Complaint fails to describe a substantial burden on Bryant's ability to exercise his religion. *See Musto v. Trinity Food Servs., Inc.*, 2010 WL

8

3565723, at *10 (M.D. Fla. Sept. 9, 2010) (finding no substantial burden where plaintiff failed to "show that in order to sustain himself in good health he was required to consume non-kosher food in violation of his religious tenets").

Despite the Complaint's deficiency, it does not appear to the Court that amendment would necessarily be futile. As explained above, it is not clear whether Bryant's decision not to eat processed meat is based on his religion, health or a simple personal preference. To the extent that Bryant's religion does prohibit him from consuming processed meat and he is forced to choose between eating sufficient food and abiding by his religious beliefs, he may have a viable claim for relief. *See Pennick v. DeHaven*, No. 3:18-cv-05434-BHS-DWC, 2019 WL 7021482, at *4 (W.D. Wash. Dec. 17, 2018) (finding that plaintiff stated a First Amendment claim by alleging that "he was provided meals with non-kosher food, and he was forced to choose to eat his full meal and violate his religious beliefs, or forego eating his full meal and adhere to his religious beliefs" (citations omitted)).

Accordingly, Claim One will be DISMISSED WITHOUT PREJUDICE and Bryant will be permitted to file an amended complaint that fully sets forth and clarifies the basis of this claim. *See King*, 825 F.3d at 225; *Robinson v. Dotson*, No. 3:24CV730 (RCY), 2025 WL 2323939, at *5 (E.D. Va. Aug. 12, 2025) (granting motion to dismiss without prejudice and permitting *pro se* plaintiff to amend where plaintiff might be able to provide additional details with respect to his claim (citing *King*, 825 F.3d at 225)).

### B.    Claim Two — Sixth Amendment

Bryant's request for relief under the Sixth Amendment does not require significant discussion. Because the Sixth Amendment applies only to criminal prosecutions, *see, e.g., Kirby v. Illinois*, 406 U.S. 682, 690 (1972), and Bryant's claim does not relate in any way to any past or

9

future criminal proceedings, the Sixth Amendment is irrelevant to this action, and Claim Two will be DISMISSED WITH PREJUDICE.

## IV.    CONCLUSION

For the reasons discussed above, Defendants' Motion to Dismiss (ECF No. 19) will be GRANTED, Claim One will be DISMISSED WITHOUT PREJUDICE, and Claim Two will be DISMISSED WITH PREJUDICE.

An appropriate Order shall accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Plaintiff.

/s/

David J. Novak
United States District Judge

Richmond, Virginia
Date: June 17, 2026

10